UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61746-CIV-MOORE/DUBÉ

LINDA MARSHALL,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion for Summary Judgment filed by the Plaintiff (D.E. #19) and the Motion for Summary Judgment filed by the Defendant (D.E. #24) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. The issue before this Court is whether the record contains substantial evidence to support the denial of benefits to the Plaintiff, Linda Marshall (hereinafter "Marshall" or "Plaintiff").

## I. FACTS

On November 20, 2007, the Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of October 7, 2007. (R. 100-101, 102-105).[1] The applications were denied initially and on reconsideration. (R. 40-41, 44-45, 49-63). An initial hearing was held on February 23, 2009. (R. 16-30). Following the hearing, the ALJ issued

---

1. All references are to the record of the administrative proceeding filed as part of the Defendant's answer.

a decision denying the request for benefit. (R. 5-15)[2]. A request for review filed with the Appeals Council was denied. (R. 1-4).

The Plaintiff, testified at the February 23, 2009 hearing that she lives with her 30 year old daughter and 12 year old grandson who has ADHD. Marshall stated her daughter works and they live together so she can help with her grandson. The Plaintiff explained, she baby sits but doesn't do anything physical. (R. 20). The Plaintiff stated her daughter previously worked from 8:30 am 2:00 pm, however, recently started a new job working from home. (R. 20-21). According to Marshall, she has a driver's license but was driven to the hearing by her daughter. (R. 21). She added that normally she will take the bus or get a ride from her daughter's boyfriend. (R. 21-22).

Marshall testified she recently started working part time for an insurance agency doing telemarketing. She explained that she cannot work a full 8-hour shift and only works about 3 hours a day. The Plaintiff stated she previously worked as a telemarketer but after her husband's death in 1997, her health progressively declined. (R. 22). According to the Plaintiff, she last worked full-time in October 2007. (R. 23). She explained that she had been in a car accident which caused her to be depressed and she tried to commit suicide and was Baker Acted. (R. 23-24). The Plaintiff further stated she still gets very depressed and explained her symptomology as follows:

> I cry at the drop of a dime. I feel like I don't want to do anything. I
> get tired. I don't even want to sit in the living room with my family.
> I just want to be by myself.

(R. 24). The Plaintiff said that since she had been Baker Acted, she lost 62 pounds. The Plaintiff testified that during the week she showers and prepares meals but on the weekends she sits around in her pajamas or a pair of shorts. (R. 24).

---

2. A duplicate copy of the hearing decision is contained in the record. (R. 89-99).

2

Marshall testified that in addition to her depression, she has physical problems such a constant pain in her lower back. She explained that she previously had surgery on her L4-5 and scar tissue developed which caused "continuous, gnawing pain." (R. 25). The Plaintiff further detailed the pain by stating it radiates down her right leg into her kneecap and ankle. Marshall added that she has uncontrolled type II diabetes. The Plaintiff testified that because of her depression she sometimes does not care and eats sugar. (R. 26). When asked how she was able to work for so many years despite her ailments, the Plaintiff stated as follows:

> To me I feel that it has progressed to the point where I just, it isn't -- has bothered me. I mean when I was working and I was making a good living I was in a lot of pain. Then when they put me on the Oxycodone I started getting very tired and I fell asleep at work a couple of times and, and I went downhill.

(R. 26-27). The Plaintiff stated she has been taking Oxycodone "off and on" for 10 years. Marshall testified the treatment for her back included receiving Epidural injections and facet injections. The Plaintiff testified she currently does not have insurance and her daughter helps pay for her medications. (R. 27).

The Plaintiff stated she works between 3-5 days a week for 3-4 hours a day. The Plaintiff explained she cannot work full-time because she is in a "tremendous" amount of pain and her medication makes her tired. (R. 28). Marshall added that she sometimes needs to go home and take a nap because of the tiredness caused from the medications. The Plaintiff stated she also has irritable bowel syndrome. (R. 29).

In addition to the testimony presented at the hearing, medical records were submitted to the ALJ. However, a review of the medical records and the specific issues raised by the Plaintiff in her Motion for Summary Judgment shows the resolution of the issues do not require this Court to

specifically set out all the medical evidence in detail. Accordingly, this Court will discuss the legal issues involved and will incorporate the facts as appropriate within the arguments presented below.

After a hearing and review of the record, the ALJ issued an opinion finding that the Plaintiff had the following severe impairments: degenerative disc disease, diabetes and back pain. The ALJ further found that the Plaintiff's depression was not a severe impairment. (R. 10). The ALJ determined that the Plaintiff did not have an impairment or combination of impairments that meets or equals a listing. The ALJ decided that the Plaintiff retained the residual functional capacity to perform a minimally reduced range of sedentary work. (R. 12). The ALJ concluded that the Plaintiff could perform her past relevant work as a telephone sales representative and was not disabled within the meaning of the Social Security Act. (R. 14).

## II. LEGAL ANALYSIS

Judicial review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. section 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Kelley v. Apfel, 185 F.3d 1211, 1213 (11th Cir. 1999); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Substantial evidence" is more than a scintilla, but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Foote v. Chater, 67 F.3d 1553 (11th Cir. 1995); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988). The reviewing court must also be satisfied that the decision of the Commissioner

correctly applied the appropriate legal standards. See, Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). The court may not reweigh evidence or substitute its judgment for that of the ALJ, and even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. See, Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Baker v. Sullivan, 880 F.2d 319 (11th Cir. 1989).

The restrictive standard of review set out above applies only to findings of fact. No presumption of validity attaches to the conclusions of law found by the Commissioner, including the determination of the proper standard to be applied in reviewing claims. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The failure by the Commissioner to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. Cornelius v. Sullivan, 936 F.2d 1143, 1145-1146 (11th Cir. 1991).

Social Security regulations establish a five-step sequential analysis to arrive at a final determination of disability. See, 20 C.F.R. section 404.1520; 20 C.F.R. section 416.920 (a)-(f).

The ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. 20 C.F.R. section 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If such a finding is not made, then a finding of non-disability results, and the inquiry ends. 20 C.F.R. section 404.1520(c).

At step three, the ALJ compares the claimant's severe impairments to those in the listing of impairments. 20 C.F.R. section 404.1520(d), subpart P, appendix I. Certain impairments are so severe, whether considered alone or in conjunction with other impairments, that if such impairments

are established, the regulations require a finding of disability without further inquiry into the claimant's ability to perform other work. See, Gibson v. Heckler, 762 F.2d 1516, 1518, n.1 (11th Cir. 1985). If the impairment meets or equals a listed impairment, disability is presumed, and benefits are awarded. 20 C.F.R. section 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing his or her past relevant work. If the claimant cannot perform his or her past relevant work, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show, at step five, that there is other work available in the national economy which the claimant can perform. 20 C.F.R. section 404.1520(e)-(f).

The claimant bears the initial burden of proving that she is unable to perform previous work. See, Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). The inability to perform previous work relates to the type of work performed, not to merely a specific prior job. See, Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986).

The Plaintiff's first two points of contention relate to the ALJ's finding that the Plaintiff's mental impairment was not severe. First, the Plaintiff contends that the ALJ erred in basing the finding that the Plaintiff's depression was not a severe impairment on the lack of medical evidence.

The determination of whether an impairment is severe or not at step two of the sequential analysis is a threshold inquiry. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). The court in McDaniel elaborated on the requirements for a finding of severity as follows:

> It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so

6

> minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

McDaniel, 800 F.2d at 1031; see also, Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987).

The Plaintiff specifically contends that the ALJ's sole basis for finding the Plaintiff's depression to be not severe was a reliance on the lack of medical treatment and records. This argument is without merit. In analyzing the Plaintiff's depression, the ALJ evaluated the four functional areas as required by the regulations. 20 C.F.R. § 404.1520a. The regulations require the four individual areas to be examined as: "... [a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a (c)(3). The regulations further require that if the ALJ determines the limitations in the first three categories to be "mild" or "none," and that the individual did not have episodes of decompensation, the ALJ will reach the determination that the mental impairment was not severe. 20 C.F.R. § 404.1520a (d)(1).

In the instant matter, the Plaintiff is incorrect that the ALJ's determination was based solely on the lack of treatment. First, the ALJ analyzed the Plaintiff's alleged mental impairment in the four functional areas. The ALJ reviewed the Plaintiff's functional area in activities of daily living finding the Plaintiff had no limitation in the area and noting the Plaintiff could make her bed, take care of the dog, cook, watch television, check the mail, take care of her personal needs, do the laundry and shop. The ALJ also noted that the Plaintiff testified that her daily activities consist of showering, dressing, cooking and going to work 4 days a week for 3 hours at a time. The ALJ also reviewed the Plaintiff's social functioning and determined the Plaintiff had a mild limitation in said

area. The ALJ noted that the Plaintiff reported no problems getting along with family, friends, neighbors or authority figures. The ALJ next found the Plaintiff had a mild limitation in the area of concentration, persistence or pace. The ALJ stated that the Plaintiff did not have problems paying attention or following instructions, baby-sat her grandson, had a driver's license and the ability to use public transportation, and could use a savings and checking account. The ALJ determined that despite being Baker Acted once, the Plaintiff did not experience episodes of decompensation for extended period of duration. The ALJ noted that during the hospital stay the Plaintiff was depressed, however, she had normal cognitive functioning was placed on detox, and was discharged 5 days after being admitted. (R. 11).

In addition to reviewing the four broad functional areas, the ALJ also found that the Plaintiff failed to keep appointments for psychological evaluations on two occasions and that Marshall had not undergone any psychiatric or psychological treatment for extended periods. As the ALJ determined the Plaintiff's depression did not meet the threshold requirements of the regulations, the ALJ concluded the Plaintiff's depression was not severe.

The Plaintiff contends that the depression was severe because she had been diagnosed with major depressive disorder since 2005; had been Baker Acted in 2007; and could not afford her treatment or medication. The Plaintiff has not presented evidence that she attempted to obtain treatment for depression and was denied because of insufficient funds or lack of insurance, and in fact testified that she received assistance from her daughter and also received free treatment and medication. (R. 27-28). Additionally, a diagnosis alone is an insufficient basis for finding an impairment to be severe. McCruter v. Bowen, 791 F. 2d 1544, 1547 (11th Cir. 1986). It is the opinion of this Court that the ALJ's decision finding the Plaintiff's depression to be non-severe is

supported by substantial evidence.

Secondly, the Plaintiff contends that the ALJ erred in finding the Plaintiff's mental impairment to be non-severe because no consultative examination was ordered. As noted above, the Plaintiff was scheduled for two separate consultative examinations which she failed to attend. (R. 278, 294). Additionally, as the Defendant correctly notes, the Plaintiff has not presented any evidence that her depression prevented her from working. The Plaintiff worked during the alleged disability period and when asked what prevented her from working, she only mentioned physical ailments. (R. 28-29). An ALJ is not specifically obligated to seek additional medical expert testimony when there is sufficient information for the ALJ to make an informed decision. Wilson v. Apfel, 179 F. 3d 1276, 1278 (11th Cir. 1999).

In the instant matter, the Plaintiff has not presented any evidence which would support that her depression has any impact on her ability to perform work. As such, the Plaintiff has not demonstrated the kind of gaps in evidence necessary to demonstrate prejudice. Graham v. Apfel, 129 F. 3d 1420, 1422 (11th Cir. 1997). As noted above, it is the opinion of this Court that the ALJ's decision that the Plaintiff's mental impairment was not a severe impairment is supported by substantial evidence.

The Plaintiff's final point of contention is that the ALJ erred in failing to employ the services of a vocational expert at the hearing. Testimony from a vocational expert is highly valued and commonly obtained in order to establish the availability of suitable alternative jobs for disability claimants. Holley v. Chater, 931 F. Supp. 840, 851, (S.D. Fla. 1996). Further, the ALJ has the obligation of developing a full and fair record regarding the vocational opportunities available to a claimant. Foote v. Chater, 67 F. 3d 1553, 1558 (11th Cir. 1995), citing Allen v. Sullivan, 880 F. 2d

1200, 1201 (11th Cir. 1989). However, first, the claimant bears the initial burden of proving that she is unable to perform her previous work. See, Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). The inability to perform previous work relates to the type of work performed, not to merely a specific prior job. See, Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). In the present case, the ALJ ended the evaluation at step four, and thus, the use of a vocational expert is not required.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court finds that the decision of the ALJ was supported by substantial evidence and that the correct legal standards were applied. Therefore, it is the recommendation of this Court that the decision of the Commissioner be **AFFIRMED**. Accordingly, the Motion for Summary Judgment filed by the Plaintiff (D.E. #19) should be **DENIED** and the Motion for Summary Judgment filed by the Defendant (D.E. #24) should be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this __27__ day of September, 2010.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE